FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 27, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN SEAN FEUCHT,<br><br>               Plaintiff,<br><br>-vs-<br><br>ZACH ZAPPONE, LORI KINNEAR, BETSY WILKERSON, KAREN STRATTON, and SPOKANE, WASHINGTON,<br><br>               Defendants. | No.   2:24-CV-00222-JAG<br><br>ORDER REMANDING CASE |

**BEFORE THE COURT** is Defendant's Motion to Dismiss. ECF No. 8. Defendants request dismissal based on lack of standing, or in the alternative, failure to state a claim as to all counts.

### I.    BACKGROUND

Plaintiff filed a Complaint in Spokane County Superior Court requesting declaratory relief and damages alleging that a resolution adopted by the Spokane City Counsel admonishing Spokane Mayor Nadine Brown violated Plaintiff's First Amendment rights to free exercise of religion and free speech, as well as his Washington State Constitutional rights. Defendants removed the case to Federal Court. The parties consented to proceed before a magistrate judge by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2) as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 5.

ORDER - 1

## II. ANALYSIS

A. **Plaintiff Lacks Standing.**

Plaintiff must establish standing to avail himself of this judicial forum.[1] "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "To qualify for standing, a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008). "'[A] plaintiff must demonstrate standing for each claim he seeks to press' and 'for each form of relief' that is sought." *Id.* (quoting *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 352 (2006)). In suits challenging government action establishing standing "depends considerably upon whether the plaintiff is himself an object of the action (or forgone action) at issue." *Lujan v. Defenders of Wildlife*, 504 U.S. at 561. As the Supreme Court set forth in *Lujan v. Defenders of Wildlife*:

> When, however, as in this case, a plaintiff's asserted injury arises from the government's allegedly unlawful regulation … of *someone else,* much more is needed. In that circumstance, causation and redressability ordinarily hinge on the response of the regulated (or

---

[1] Contrary to Plaintiff's claims, the burden to establish standing remains with the Plaintiff regardless of whether the case was removed to Federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. at 561 ("Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation.") This order addresses the remedy for lack of standing—*i.e.* dismissal verses remand.

ORDER - 2

regulable) third party to the government action or inaction—and perhaps on the response of others as well. The existence of one or more of the essential elements of standing depends on the unfettered choices made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict, and it becomes the burden of the plaintiff to adduce facts showing that those choices have been or will be made in such manner as to produce causation and permit redressability of injury. Thus, when the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily substantially more difficult to establish.

*Lujan v. Defenders of Wildlife*, 504 U.S. at 562 (internal citations omitted).

Accordingly, "[t]o survive a motion to dismiss for lack of constitutional standing, plaintiffs must establish a line of causation between defendants' action and their alleged harm that is more than attenuated." *Maya v. Centex Corp.*, 658 F.3d 1060, 1070 (9th Cir. 2011) (internal citations omitted). For the purposes of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife*, 504 U.S. at 561 (alteration in original). "For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

To establish injury-in-fact, Plaintiff's complaint must adduce facts supporting the conclusion that the alleged harm is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 180 (2000)

ORDER - 3

(internal citations omitted).  Here, each of Plaintiff's claims stem from Resolution No. 2023-0081 adopted by the Spokane City Council.[2]  The two-page Resolution formally denounces Mayor Nadine Woodward for her actions that associated her with Matt Shea and "known anti-LGBTQ extremist Sean Feucht."  The Resolution barely addresses Plaintiff.  In the 22-paragraph document, there are two clauses (ten words total, four of which are Plaintiff's full name) that reference Plaintiff.

Based on careful review of the Complaint in conjunction with the language of the Resolution, it is difficult to ascertain any actual injury to Plaintiff alleged in the Complaint.  Plaintiff does not complain that the two brief references to him mischaracterize his beliefs, speech, or religious views.  ("Plaintiff does not support the LGBTQ agenda" ECF No. 1-1, Complaint, p. 8, ¶ 2.10.1).  Rather, Plaintiff claims:

> Resolution No. 2023-0081 was passed to target FEUCHT's sincere religious practice by communicating to government officials, and everyone in Spokane, Washington that they should not be involved in worship and prayer with FEUCHT.

---

[2] The Court takes judicial notice of Resolution 2023-0081 pursuant to Fed. R. Evid. 201.  "There are . . . two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion.  First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment.  If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them.  Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (internal citations omitted).  Both exceptions apply in this case.

ORDER - 4

ECF No. 1-1, ¶ 3.4. On the face of the document, there is no such language or implication. The Resolution admonished a single government official, Mayor Nadine Woodward, and made no reference to Plaintiff's religious beliefs or prayer or the advisability of engaging in religious practice with Plaintiff. In paragraph 3.6, Plaintiff indicates the Resolution "cited his worship as the reason people, an in particular elected officials, should avoid him." ECF No. 1-1. As the Resolution's only reference to Plaintiff states that Plaintiff is a "known anti-LGBTQ extremist," either: (1) the Resolution does not refer to Plaintiff's worship; or (2) Plaintiff's "worship" is anti-LGBTQ extremism.³ If the first is true, then there was no injury alleged because the Resolution had no bearing on his worship. If the second is true, then the Resolution accurately depicts Plaintiff's publicly held views. Either way, Plaintiff failed to demonstrate injury.

Plaintiff's lack of response to the Defendant's motion on standing suggests that Plaintiff agrees that this Court lacks standing. Plaintiff makes no arguments in support of standing and argues instead that the case should be remanded to state court. Due to the Complaint's lack of allegation of injury coupled with Plaintiff's failure to argue in support of standing, the Court finds that Plaintiff lacks standing.

**B.    Lack of Federal Standing Requires Remand.**

In response to Defendant's motion to dismiss for lack of standing, rather than arguing that standing exists, Plaintiff implicitly agrees that he lacks standing and asks the Court to remand the case to state court to address all claims. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "That is because,

---

³ Later in the Complaint, Plaintiff indicates the latter, stating, "FEUCHT's beliefs and the contents of any speech about LGBTQ are part of his religious views of conscious." ECF No. 1-1, ¶ 6.5.3.

ORDER - 5

to return to where we started, federal courts are courts of limited jurisdiction: When they do not have (or no longer have) authorization to resolve a suit, they must hand it over [to a state court]." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 28 (2025), *see also, Lutostanski v. Brown,* 88 F.4th 582 (5th Cir. 2023) (District courts shall "remand cases—even those that have state and federal claims—pursuant to § 1447(c).")

Defendants ask the Court to ignore the plain language of 28 U.S.C. § 1447, relying instead on Ninth Circuit precedent that creates a "narrow futility exception to this general [remand] rule [that] permits the district court to dismiss an action rather than remand it if there is 'absolute certainty' that the state court would dismiss the action following remand." *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1189 (9th Cir. 2022), cert. denied, 144 S. Ct. 74, 217 L. Ed. 2d 11 (2023). Though the Supreme Court has questioned this exception, the Ninth Circuit has maintained the futility exception. *Id.* at 1191-93 ("Our precedent requires us to apply the futility exception to 28 U.S.C. § 1447(c)'s remand requirement, so I concur in our per curiam opinion. I write separately because the futility exception does not comport with § 1447(c)'s plain test. I believe that in the appropriate case, our court should reconsider the futility exception en banc and abandon it." Bennett, Circuit Judge, joined by Murguia, Chief Judge, and Fletcher, Circuit Judge, *concurring)*. The Supreme Court's recent ruling in *Royal Canin,* though factually distinct, calls this precedent into further question. 604 U.S. at 28. Since the Supreme Court has yet to overturn the Ninth Circuit, the Court must examine the futility.

To demonstrate futility, Defendants must show remand of the *case* would result in dismissal. Though Plaintiff's claims are subject to strong defenses and he faces significant legal obstacles, this Court cannot say at this point in the case that there is an absolute certainty that every claim will be dismissed. As Defendants

ORDER - 6

acknowledge, standing is not a threshold jurisdictional requirement to bring any civil action in Washington State Courts. Washington courts typically require a showing that the person challenging legislation was "harmfully affected by the particular feature of the ordinance or statute" but authorize suit in some cases where the Plaintiff has not made a showing of concrete and particularized harm that is actual or imminent as required for Federal standing. *State v. Lundquist*, 60 Wash. 2d 397, 401, 374 P.2d 246, 248 (1962), *see also City of Tacoma v. Luvene,* 118 Wash. 2d 826, 840 (1992). The Washington standard of "harmfully affected" casts a broader net than federal standing requirement of "concrete and particularized." Again, at this juncture, the Court cannot say that the Plaintiff's case will not survive a motion to dismiss in state court.[4]

Accordingly, **IT IS HEREBY ORDERED:**

1. For the reasons stated above, Defendants' Motion to Dismiss, **ECF No. 8,** is **GRANTED, in part**.

2. The case is **REMANDED to the Spokane County Superior Court**.

3. Defendants' Motion to Consolidate Cases, **ECF No. 17**, is **DENIED AS MOOT**.

//
//
//

---

[4] Though there is not an absolute certainty that the state court will dismiss the entire action, it is probable that not all relief sought, such as declaratory relief, will be available to Plaintiff pursuant to this Court's ruling on standing. Rather than parsing claims and available relief, the Court defers to the spirit of the *Royal Canin* ruling and remands the entirety of the case to the state court.

ORDER - 7

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order, provide copies to counsel, remand the case to Spokane County Superior Court and **CLOSE** this file.

DATED February 27, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 8